UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYRONE VAUGHN, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:11-CV-239 RM |
| ) | (Arising out of 3:08-CR-18(01) RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

A jury convicted Tyrone Vaughn of possession with intent to distribute more than 5 grams of crack cocaine (Count 1), distribution of marijuana (Count 2), possession of a firearm in furtherance of a drug trafficking crime (Count 3), and possession of a firearm after being convicted of a felony (Count 4). The court sentenced him to an aggregate term of imprisonment of 240 months. On appeal, Mr. Vaughn challenged only his conviction for possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3) and the court's calculation of the amount of drugs at issue in determining a guidelines sentence. After the court of appeals affirmed the conviction and sentence and the Supreme Court denied certiorari, United States v. Vaughn, 585 F.3d 1024 (7th Cir. 2009), *cert. denied*, 130 S.Ct. 3385 (U.S. June 7, 2010), Mr. Vaughn filed a motion to vacate, set aside, or correct his sentence on Count 4 under 28 U.S.C. § 2255. That motion and Mr. Vaughn's motions to amend and supplement his petition are now before the court and can be resolved without a hearing. 28 U.S.C.

§ 2255; *see also* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995). For the reasons that follow, the court denies the motion to vacate under 28 U.S.C. § 2255 [Doc. No. 71] and the motions to amend [Doc. Nos. 78, 86, and 87].

Count 4 of the indictment charged Mr. Vaughn with knowingly possessing a firearm after conviction for a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Mr. Vaughn agreed that "[he] was convicted of a felony crime that was punishable by a term of imprisonment of more than one year [prior to December 2007]" – an essential element of the crime charged – and that the court could tell the jury that it could accept that fact as true without further proof.

Mr. Vaughn is now before the court seeking post-conviction relief with respect to his conviction and sentence on Count 4, contending that the 1991 conviction in Michigan, which formed the basis of his conviction for violating 18 U.S.C. § 922(g)(1), actually was a misdemeanor (attempt to carry a concealed weapon) rather than a felony (carrying a concealed weapon), and that his trial counsel provided ineffective assistance when he failed to adequately investigate the 1991 conviction and move to dismiss Count 4 of the indictment, and to adequately investigate the restoration of his civil rights in light of the error.

"[A]n ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). To

prevail on his claim, Mr. Vaughn must show that his attorney's performance was objectively unreasonable, and that the deficient performance prejudiced his defense, rendering the outcome of the proceedings against him unreliable. Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984); Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006); Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996). Mr. Vaughn hasn't met that burden.

Mr. Vaughn contends that public access records from Berrien County Circuit Court incorrectly indicated that he'd pleaded guilty in 1991 to the felony offense of carrying a concealed weapon [see Doc. No. 75-2], that he actually had pleaded guilty to the misdemeanor offense of attempt to carry a concealed weapon, that his attorney could have and should have uncovered the error and moved to dismiss Count 4 of the indictment, and that Mr. Vaughn wouldn't have been convicted of violating 18 U.S.C. § 922(g)(1) but for counsel's allegedly deficient performance. Mr. Vaughn has identified no credible evidence to support his allegations.

Judicial scrutiny of an attorney's performance is "highly deferential," and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Jones v. Page, 76 F.3d at 840 (quoting Strickland v. Washington, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own

3

statements or actions," which are critical in determining what investigation decisions are reasonable. Strickland v. Washington, 466 U.S. at 691. "[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." Id. Mr. Vaughn's attorney owed no duty to make frivolous arguments. Fuller v. United States, 398 F.3d 644, 652 (7th Cir. 2005).

Mr. Vaughn had personal knowledge of his criminal history and stipulated at trial that he had been convicted of a felony crime punishable by a term of imprisonment of more than one year. He doesn't contend, and the the record doesn't show, that the stipulation wasn't knowingly and voluntarily made. It therefore would have been reasonable for counsel to believe that further investigation would have been fruitless. Although Mr. Vaughn now contends that the 1991 conviction was a misdemeanor offense, the evidence he submitted doesn't support his claim.

Mr. Vaugh submitted a copy of a "Berrien County Justice System Public Access Defendant History Report" dated September 22, 2010, which indicates that he entered a guilty plea on December 23, 1991 to carrying a concealed weapon (a pistol), and that the offense of conviction was a felony. [Doc. No. 75-2 at p.9]. That report was inaccurate, as shown by the April 26, 2011 letter from the Berrien County Clerk's Office stating that: "[t]he error . . . was a typographical error in data entry and has since been corrected to show the correct conviction in your

4

case" (emphasis original), and the November 23, 2010 letter from Circuit Court Judge Charles LaSata, which states that:

> A review of the court entries indicates a clerical error was made in 1991. The internal record of your concealed weapon charge was correct, however, the data entry did not properly transfer to the public access record. This has been corrected, and I am pleased [to] enclose a current copy of the public access record which now shows the charge as Attempted.

[Doc. No. 77-1 at pp. 3 and 4]. While the crime charged was corrected, the offense level was not. Under Michigan law, carrying a concealed weapon and attempt to carry a concealed weapon are both punishable as a felony, and subject to a term of imprisonment of more than one year. *See* Mich. Comp. Laws §§ 750.92 and 750.227. The corrected entry on the Berrien County public access records confirms that Mr. Vaughn pleaded guilty to a felony attempt to carry a concealed weapon on December 23, 1991 [Doc. No. 77-1 at p. 9], and is consistent with Mr. Vaughn's trial stipulation and prior statements, and with the presentence investigation report submitted prior to sentencing.

Mr. Vaughn hasn't shown that his attorney's performance was deficient or objectively unreasonable, or that his defense was prejudiced by counsel's performance. To show prejudice, Mr. Vaughn must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694; Jones v. Page, 76 F.3d at 840. He hasn't met that burden. Mr. Vaughn hasn't identified evidence that would have created a reasonable probability of a different

outcome, or outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable.

In his motions to amend and supplement the § 2255 petition, Mr. Vaughn reasserts his conclusory allegations about the 1991 conviction, and asks the court to grant an evidentiary hearing, or dismiss the indictment and order his immediate release from custody. For the reasons already stated, no evidentiary hearing is required in this case, and Mr. Vaughn's 120-month sentence on Count 4 runs concurrent with his 180-month sentence on Count 1 and 60-month sentence on Count 2, which have been affirmed on appeal, so immediate release wouldn't be an option even if Mr. Vaughn prevailed on his ineffective assistance of counsel claims. While FED. R. CIV. P. 15(a)(2) provides that courts "should freely give leave when justice so requires," the decision to grant or deny a motion to amended is discretionary, and "a court may deny the amendment due to undue delay, bad faith, dilatory motive, prejudice or futility. Rodriguez v. United States, 286 F.3d 972, 980 (7th Cir. 2002); Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 860-61 (7th Cir. 2001). Mr. Vaughn doesn't assert any new claims in his motions to amend, provide any new evidence to support his original claims, or assert any change in the law. To allow amendment under the circumstances would be futile and result in undue delay.

Accordingly, the court DENIES Mr. Vaughn's motion to vacate, set aside, or correct his sentence under 28 U.S.C.§ 2255 [Doc. No. 71], and his motions to amend and supplement that motion [Doc. Nos. 78, 86, and 87].

SO ORDERED.

ENTERED:   June 28, 2012   

                                        /s/ Robert L. Miller, Jr.   
                                       Judge
                                       United States District Court

cc:   T. Vaughn
      D. Schmid