UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TYRONE VAUGHN, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:11-CV-239 RM |
| | ) | (Arising out of 3:08-CR-18 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

On June 28, 2012, the court denied Tyrone Vaughn's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 based on his claim of ineffective assistance of counsel, and judgment was entered on July 2. Mr. Vaughn filed a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e), which this court denied on October 1. Mr. Vaughn filed a second motion on October 19 asking the court to reconsider and vacate the denial of his § 2255 petition, and although he cited no authority for his motion, the motion's timing (more than 28 days after the June 28 denial of his § 2255 petition) and basis (newly discovered evidence) rendered the motion as one brought under Federal Rule of Civil Procedure 60(b)(2). The court denied the Rule 60(b) motion on November 1. Mr. Vaughn filed a motion for a certificate of appealability on December 20; however, to date, Mr. Vaughn hasn't filed a notice of appeal nor has he requested additional time to do so.

In the absence of the filing of a notice of appeal, a court may construe a motion for the issuance of a certificate of appealability as a notice of appeal if the motion satisfies the requirements of a notice of appeal, *i.e.*, specifies the party taking the appeal, the judgment or order being challenged, and the appellate court to which the appeal is taken. FED. R. APP. P. 3(c)(1); Mikel v. Superintendent, No. 3:08-CV-492, 2010 WL 2732758, at *2 (N.D. Ind. July 8, 2010). Mr. Vaughn's motion specifies that he is trying to appeal this court's denial of his § 2255 petition and his Rule 59(e) motion to reconsider. Mr. Vaughn doesn't identify the appellate court to which he wishes to appeal, but he does cite 28 U.S.C. § 2253, which provides that an appeal of a petition under § 2255 is reviewed by "the court of appeals for the circuit in which the proceedings is held." Thus, the court construes Mr. Vaughn's request for a certificate of appealability as a notice of appeal. *See* Smith v. Grams, 565 F.3d 1037, 1042 (7th Cir. 2009) ("When a party may appeal only to a certain court, we have recognized the validity of a notice of appeal that contains no mention whatsoever of the court to which the case is being taken; we infer that the party intended to appeal to the only available forum.").

Federal Rule of Appellate Procedure 4(a)(1)(B) provides that in a case in which one of the parties is the United States, an appeal must be filed within sixty days of the entry of the judgment being appealed; however, a timely-filed Rule 59(e) motion tolls the time to appeal while that motion is pending. FED. R. APP. P.

2

4(a)(4)(A)(iv); Andrews v. E.I. Du Pont De Nemours & Co., 447 F.3d 510, 515 (7th Cir. 2006). Mr. Vaughn's filing of his Rule 59(e) motion was timely. That motion was denied on October 1, which extended the date that started the sixty-day time period to file a notice of appeal to October 1. Mr. Vaughn's second motion to reconsider the denial of his § 2255 petition was filed on October 19, more than twenty-eight days after entry of judgment on July 2, 2012, so that motion was considered to have been a motion for relief from judgment under Rule 60(b), a motion that doesn't extend the time to appeal. *See* FED. R. APP. P. 4(a)(4)(A)(vi); Blue v. International Bhd. of Electrical Workers Local Union 159, 676 F.3d 579, 583-584 (7th Cir. 2012) (Federal Rule of Appellate Procedure 4 "makes it clear that a Rule 60 motion tolls the time for appeal only if it is filed no later than 28 days after judgment is entered. . . . Treating untimely post-trial motions as Rule 60 motions, together with observing Rule 4's requirement that Rule 60 motions be filed within 28 days to toll the notice of appeal filing period enforces the deadlines provided in the Federal Rules of Civil Procedure and sets a definite point of time when litigation shall be at an end." (internal quotation marks and citation omitted)); *cf.* Andrews v. E.I. Du Pont De Nemours, 447 F.3d at 515 ("A party may not continue to file Rule 59(e) motions in order to forestall the time for appealing; only the first motion stops the clock.").

To be timely, then, Mr. Vaughn's notice of appeal had to be filed by November 30, 2012, sixty days from October 1. Mr. Vaughn filed his notice of

3

appeal (or his "functional equivalent" of a notice of appeal) with this court on December 20. Even recognizing that Mr. Vaughn's filings are governed by the "mailbox rule," which provides that a *pro se* prisoner's notice of appeal is deemed filed when it is placed in the prison mail system, Houston v. Lack, 487 U.S. 266, 270 (1988); Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012), Mr. Vaughn's certificate of service shows that he deposited his filing in the prison's mail system on December 10, 2012, ten days past the November 30 deadline. *See* Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 994 (7th Cir. 2000) ("[T]he timely filing of a notice of appeal is both mandatory and jurisdictional, and a notice filed too late will preclude appellate jurisdiction." (quotation omitted)); Raven v. Madison Area Technical College, 443 Fed. App'x 210, 212, 2011 WL 4478266, at *3 (7th Cir. Sept. 28, 2011) ("Although we liberally construe *pro se* filings, we do not enlarge filing deadlines for them.").

While the Federal Rules of Appellate Procedure contain two avenues for addressing an untimely-filed notice of appeal, Mr. Vaughn can't rely on either. First, Rule 4(a)(5) permits an appellate to file a motion for extension of time to file a notice of appeal, but the appellant must file such motion no later than thirty days after the initial sixty-day period has expired – here, the sixty-day period expired on November 30, so any motion to extend time would was required to have been filed by December 30. No such motion was filed.

4

Second, a district court can reopen the time to file a notice of appeal under Rule 4(a)(6) for a period of fourteen days if three conditions are met: (i) the court must find that the moving party didn't receive notice of the judgment or order being appealed within twenty-one days of its entry; (ii) the motion must be filed within 180 days after entry of the judgment or order or within fourteen days of when the movant receives notice; and (iii) the court finds that no party will be prejudiced. FED. R. APP. P. 4(a)(6)(A)-(C). Mr. Vaughn can't establish the first requirement: the record clearly establishes that he was aware of the June 28 denial of his § 2255 petition and the October 1 denial of his Rule 59(e) motion as those rulings formed the basis of his October 19 Rule 60(b)(2) motion.

Based on the foregoing, the court construes Mr. Vaughn's motion for a certificate of appealability as a notice of appeal, concludes that that notice of appeal is untimely, and determines that no provision of the Federal Rules of Civil Procedure or Appellate Procedure justifies extending the deadline for Mr. Vaughn to file a notice of appeal.

SO ORDERED.

ENTERED:   February 7, 2013

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: T. Vaughn
AUSA Schmid
Clerk, Seventh Circuit Court of Appeals